IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LUTHER JAMES CLAYTON,<br><br>       Petitioner<br><br>  VS.<br><br>DEPUTY WARDEN WICKER,<br><br>       Respondent | NO. 5:06-CV-126 (CAR)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Respondent DEPUTY WARDEN WICKER has filed a motion to dismiss the petitioner CLAYTON's habeas corpus petition, claiming that it is untimely filed pursuant to the AEDPA's one year statute of limitations. Tab #8. After being afforded an extension of time, CLAYTON responded to the respondent's motion. Tab #14.

Petitioner CLAYTON contends that his motion was filed within a year after the state denial of his application of certificate of probable cause but does not contradict the respondent's argument that his conviction was made final on January 6, 1995, and that therefore the petition was filed well more than a year thereafter. The petitioner apparently wishes this court to hold that the petitioner's illiteracy and ignorance of the law with respect to the appropriate measure of tolling should be viewed as an extraordinary circumstance.

The Eleventh Circuit has apparently not discussed the issue of whether a petitioner's illiteracy is an extraordinary circumstance with respect to the AEDPA's limitations period, but at least two other circuits have, with both of them holding that illiteracy is not an extraordinary circumstance. ***Malone v. Oklahoma***, 100 Fed. Appx. 795 (10th Cir. 2004) (Petitioner's claims that he was ignorant of the law, that he was denied assistance of law clerks, and that he was illiterate did not justify equitable tolling of one-year limitations period for filing federal habeas corpus petition.); ***Bermudez v. Lewis***, 58 Fed. Appx. 268 (9th Cir. 2003) (Even if habeas petitioner was illiterate, indigent, ignorant of the law, and was not provided Spanish legal materials, that would not constitute extraordinary factors entitling petitioner to equitable tolling of time to file federal petition, especially in light of petitioner's ability to file petitions in state court.).[1]

---

[1] *See also **Connor v. Bullard***, 2005 WL 1387630 (S.D. Ala. 2005) ("Petitioner's [illiteracy and] lack of legal knowledge does not suffice to excuse his delay in filing a timely petition for federal habeas relief. Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of § 2244's one year statute of limitations, the undersigned must recommend that this case be dismissed as time-barred").

Moreover, "[a] petitioner is not entitled to equitable tolling based on a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both." ***Arthur v. Allen***, 452 F. 3d 1234, 1252. Therefore, even if the undersigned were to find that the petitioner's illiteracy were an extraordinary circumstance, that result alone would not result in a tolling of the statute; the petitioner needs to also establish that he exercised due diligence with respect to his filing of the petition. He has failed to do so.

Accordingly, IT IS RECOMMENDED that this action be DISMISSED as untimely. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 29th day of SEPTEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE